UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MOSES ALI SEBUNYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.: 2:12-cv-67-GZS |
| ) | |
| ERIC H. HOLDER, JR., ATTORNEY ) | |
| GENERAL, U.S. DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF**
**DEFENDANT'S ANSWER**

Under Fed. R. Civ. P. 8 and 12(f), the Court should strike the following specific paragraphs in Defendant's Answer as legally insufficient because they do not comply with the requirements in Rule 8 for pleading defenses:

1.  Paragraphs 5, 6, 50, 55, 61, 63, and 92.

In each of these responses Defendant states in part "that the document speaks for itself" and refuses to admit allegation in the complaint about the content of a document even when the complaint contains actual quotes from a document. For example, paragraph 63 completely denies the quotation verbatim of five paragraphs from the body of an e-mail dated August 25, 2008, that was produced by the DOJ during the administrative discovery process.

These refusals to respond violate the requirement under Rule 8(b)(4) that Defendant admit in part any allegation in the complaint that accurately quotes from or makes other accurate allegations based on the content of documents even if Defendant

has a basis to deny other aspects of the allegation. *See, e.g.*, *Chicago District Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc.*, 2000 U.S. Dist. LEXIS 11488, at \*3 (N.D. Ill. June 26, 2000) (overruling objection in answer that a document speaks for itself and holding that Rule 8(b) requires a defendant "to employ one of the only three alternatives that are permitted by Rule 8(b) in response to all allegations [in a complaint], including those regarding the contents of documents"); *see also Kortum v. Raffles Holdings Ltd.*, 2002 U.S. Dist. LEXIS 21252 at \*13-14 (N.D. Ill. October 30, 2002).

As one court has explained:

> Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to craft an appropriate response to such an allegation), is to say instead that the document "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that *are* permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations).

*State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Thus, these responses should be stricken and Defendant should be required to amend these specific paragraphs in its Answer stating the "document speaks for itself" and instead respond to allegations in the complaint about the content of documents "by admitting any allegation that accurately describes the content of whatever part of a document is referred to." *Balmoral* at \*3.

    2.    Paragraphs 8-11, and 99.

In each of these responses Defendant states only that the statements in the complaint "are statements of jurisdiction or conclusions of law to which no response is

required." But Rule 8(b) contains no such exception and instead makes it clear that the Answer must admit or deny every allegation in the complaint including those concerning "the jurisdictional grounds." Rule 8(b)(3). *See generally Balmoral*, 2000 U.S. Dist. LEXIS 11488 at *4 n. 2 (striking failure to respond to jurisdictional allegation in complaint). As one court has explained:

> Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it "states a legal conclusion." That of course violates the express Rule 8(b) requirement that *all* allegations must be responded to. But perhaps even more importantly, it disregards established law from the highest authority on down that legal conclusions are an integral part of the federal notice pleading regime (*Neitzke v. Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31, 118 L. Ed. 2d 340, 112 S. Ct. 1728 (1992); and relatedly, see the opinion of our Court of Appeals in *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)). Indeed, could anything be more of a legal conclusion than a plaintiff's allegation of subject matter jurisdiction, which must of course be answered?

*State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Thus, these responses should be stricken and Defendant should be required to amend these specific paragraphs in its Answer to provide an appropriate response.

3. Paragraphs 12, 16, 19, 23, 24, 28, 30, 36, 37, 39, 42, 49, 51, 52, 69, 71, 72, 83, 91, 96, 97, and 98.

In each of these responses Defendant makes a denial based on lack of knowledge or "information" sufficient to form a belief about the truth of an allegation. But for each of these allegations Defendant clearly has access to "information" about the accuracy of the allegation, such as the color of Mr. Sebunya's skin and his citizenship (¶ 12), the public history of the NAACP (¶ 16), Mr. Sebunya's work record with the federal government (¶ 19), records of the DOJ confirming the mailing dates of its two notices to

Mr. Sebunya of the final agency decision and confirming December 27, 2011 as the date of the certified receipt by Mr. Sebunya of the DOJ's final agency decision (¶ 96), personal knowledge of a current managerial employee (often Region I Director Amoroso) (¶¶ 23-24, 28, 36, 37, 39, 42, 83, 91), articles in the New York Times on a date specified in 2008 (¶¶ 49, 51), the deposition testimony of former Director Harris (¶ 69, 71-72) and the appointments of Pres. George W. Bush and other information in the public record (¶ 52). *See, e.g.*, *American Photocopy Equipment, Co. v. Rovico, Inc.*, 359 F. 2d 745, 746 (7th Cir. 1966) (holding that party may not in its answer claim lack of sufficient knowledge or information when the matter at issue is clearly within its own knowledge); *see also Harvey Aluminum v. NLRB*, 335 F. 2d 749, 758 (9th Cir. 1964); *Mesirow v. Duggan*, 240 F. 2d 751, 756 (8th Cir. 1957).

Before a party asserts this type of response to a complaint, the party must first make a reasonable effort to determine whether the information is available to it. *Djourabchi v. Self*, 240 F.R.D. 5, 12 (D.D.C. 2006). If the defendant has knowledge of part of an allegation in the complaint but not all of it, the defendant may not disclaim knowledge of the entire allegation but instead must break it down. *Dawkins v. Williams*, 511 F. Supp. 2d 248, 271 (N.D. N.Y. 2007) (when first half of paragraph in complaint was legitimately outside defendant's knowledge but second half was clearly within his knowledge, defendant could not deny entire paragraph).

As one court has explained: "'Information'" is of course much easier to come by than "'knowledge.'" And very often it doesn't require much in the way of information to form a belief about the truth or lack of truth in someone else's assertions." *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 & n.1 (N.D. Ill. 2001).

Thus, these responses should be stricken and Defendant should be required to amend these specific paragraphs in its Answer to provide an appropriate response.

4.      Paragraphs 2, 56, and 88.

In each of these responses Defendant makes a denial inconsistent with the requirement in Rule 8(b)(4) that a party that has a good faith basis to deny only part of an allegation in the complaint "must admit the part that is true."  Defendant denies the allegations in ¶ 2 including the undisputed facts that Mr. Sebunya was interviewed by the CRS Regional Director for New England and the CRS Deputy Director.  Defendant denies the allegations in ¶ 56 of the complaint in their entirety even though ¶ 56 accurately quotes verbatim from Mr. Sebunya's August 7, 2008 email produced by the DOJ during discovery in the administrative case.  Defendant denies the allegations in ¶ 88 of the complaint accurately quoting verbatim from Mr. Sebunya's November 20, 2008 email produced by the DOJ during discovery in the administrative case.

Thus, these responses should be stricken and Defendant should be required to amend these specific paragraphs in its Answer to provide an appropriate response.

5.      Affirmative defenses 1, 2, 10, and 12.

Defendant's affirmative defense numbers 1 and 2 assert without any explanation the defenses of failure to exhaust remedies and untimeliness.  Affirmative defenses violate Rule 8 when they "are nothing but bare bones conclusory allegations." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (upholding the striking of affirmative defenses in Answer for lack of specificity).  Defendant's affirmative defense number 10 is limited to punitive damages but Plaintiff's Complaint carefully describes the relief sought and it does not include any request for punitive

damages.  Defendant's affirmative defense number 12 seeks to bar claims other than those under Title VII but the Complaint only alleges claims under title VII.  As a federal court of appeals has explained:  "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure.  Thus, defenses must set forth a "short and plain statement," Fed.R.Civ.P. 8(a), of the defense."  *Id.*.

Thus, these affirmative defenses should be stricken and Defendant should be required to amend its answer regarding affirmative defense numbers 1 and 2  (1) to provide a "short and plain statement of facts" in support of these affirmative defenses, and (2) to allege the necessary elements of each of these defenses.

                                      Respectfully submitted,

Date: September 27, 2012

                              /s/ David G. Webbert
                              David G. Webbert

                              JOHNSON & WEBBERT, L.L.P.
                              160 Capitol Street, P.O. Box 79
                              Augusta, Maine  04332-0079
                              Tel:  (207) 623-5110
                              E-Mail: dwebbert@johnsonwebbert.com

                              Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2012, this filing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> John G. Osborn
> Assistant United States Attorney
> U.S. Attorney's Office
> 100 Middle Street Plaza, East Tower
> Portland, ME 04101
> (207) 780-3257
> John.Osborn2@usdoj.gov

Date: September 27, 2012         /s/ David G. Webbert
                                 David G. Webbert