UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MOSES ALI SEBUNYA,          ) | |
|                                  ) | |
|      *Plaintiff*               ) | |
|                                  ) | |
| v.                               ) | Civil No. 2:12-cv-67-GZS |
|                                  ) | |
| ERIC H. HOLDER, JR.,      ) | |
| Attorney General,             ) | |
| U.S. Department of Justice,   ) | |
|                                  ) | |
|      *Defendant*           ) | |

*MEMORANDUM DECISION AND ORDER ON MOTION TO STRIKE*

On September 27, 2012, the plaintiff filed the instant motion to strike portions of the defendant's answer. *See* Plaintiff's Motion To Strike Portions of Defendant's Answer ("Motion") (ECF No. 13). The defendant thereafter sought and was granted permission to amend his answer, *see* ECF Nos. 14-15, filing an amended pleading that addressed many of the plaintiff's concerns, *see* Defendant's First Amended Answer ("Amended Answer") (ECF No. 16); Defendant's Opposition to Motion To Strike ("Opposition") (ECF No. 20) at 1-2; Plaintiff's Reply in Support of Motion To Strike Portions of Defendant's Answer ("Reply") (ECF No. 23) at 1. Because the Amended Answer moots many points raised by the plaintiff, and the rest are without merit, the Motion is denied.

**I. Applicable Legal Standards**

The plaintiff moves pursuant to Federal Rule of Civil Procedure 12(f) to strike portions of the answer on the basis of non-compliance with Federal Rule of Civil Procedure 8. *See* Motion at 1. Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 8

1

provides, in relevant, part, that a party responding to a pleading "must . . . admit or deny the allegations asserted against it by an opposing party." *Id*. 8(b)(1)(B). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." *Id*. 8(b)(4). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." *Id*. 8(b)(5).

> This court has observed:
>
> Rule 12(f) motions have not been commonplace either in this Circuit or in this District. According to the First Circuit, that may be explained by the fact that such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion. . . . The rationale provided by the Second Circuit is . . . quite sound:
>
>> The Federal Rules of Civil Procedure have long departed from the era when lawyers were bedeviled by intricate pleading rules and when lawsuits were won or lost on the pleadings alone. Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing.

*Ashey v. Lily Transp. Corp.*, No. CIV. 01-57BS, 2001 WL 705804, at *1 (D. Me. June 18, 2001) (citations and internal quotation marks omitted). Motions to strike are not only disfavored but also "are rarely granted absent of showing of prejudice to the moving party." *Andretta v. Bath Iron Works Corp.*, No. 01-247-P-C, 2002 WL 576033, at *1 (D. Me. Apr. 12, 2002) (rec. dec., aff'd May 13, 2002) (citation and internal quotation marks omitted).

## II. Discussion

The plaintiff seeks to strike four categories of paragraphs in the defendant's answer, as well as four affirmative defenses. *See generally* Motion. As a general matter, as the defendant observes, *see* Opposition at 3, the plaintiff's objections do not implicate the bases for striking pleadings pursuant to Rule 12(f): that they contain "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This, alone, constitutes sufficient reason to deny the

Motion. However, in the alternative, I consider the plaintiff's specific points, concluding for the reasons that follow that they are either mooted by the Amended Answer or are without merit.

### A.  Category One: Allegations About Documents

The plaintiff first seeks to strike a category of answers consisting of paragraphs 5, 6, 50, 55, 61, 63, and 92. *See* Motion at 1. The defendant changed none of these paragraphs in his Amended Answer. *Compare* Defendant's Answer to Complaint ("Original Answer") (ECF No. 5) ¶¶ 5, 6, 50, 55, 61, 63, 92 *with* Amended Answer ¶¶ 5, 6, 50, 55, 61, 63, 92; *see also* Opposition at 4.

The plaintiff faults the defendant for stating, in the above-referenced paragraphs, that "the document speaks for itself" and refusing to admit allegations in the complaint about the content of documents even when the complaint quotes directly from them. *See* Motion at 1. He contends that these refusals violate the requirement of Rule 8(b)(4) that a defendant must admit in part any allegation that accurately quotes from a document or makes accurate allegations concerning it. *See id*. at 1-2; *see also, e.g., State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to draft an appropriate response to such an allegation), is to say instead that the document 'speaks for itself.' This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice) – but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations about the content of documents (or statutes or regulations)."); *Chicago Dist. Council of Carpenters Pension Fund v. Balmoral Racing Club, Inc.*, No. 00 C 2375, 2000 WL 876921, at *1 (N.D. Ill. June 26, 2000) ("No reason

appears why Balmoral should not respond by admitting any allegation that accurately describes the content of whatever part of a document is referred to.").

The defendant denies in part or in whole each of the paragraphs at issue on the basis that the plaintiff inaccurately quoted and/or characterized the underlying documents.  *See* Amended Answer ¶¶ 5, 6, 50, 55, 61, 63, and 92; Opposition at 4-5.  As the defendant observes, *see* Opposition at 4, the plaintiff does not provide the court with the documents at issue, preventing the court from assessing the accuracy of his quotations and characterizations.  The defendant concedes that most of the misquotations are relatively minor but takes the position that a quoted paragraph or sentence constitutes one allegation, namely, that the document says "X," rather than a multi-part allegation that a defendant must parse to identify which portions are accurate and which are not.  *See id*. at 8 n.3.  Finally, the defendant argues that the plaintiff, who has possession of all of the underlying documents and can easily prove their contents, suffers no prejudice from the denial of his allegations regarding them.  *See id*. at 3, 5.

The plaintiff rejoins that, in correspondence between counsel, he did identify prejudice – that the defendant's evasive responses would increase the cost of discovery.  *See* Reply at 4.  He argues that Rule 8(b)(4) "does not permit this gamesmanship approach to crafting an answer to deny any allegation that is not 100% accurate."  *Id*.; *see also id*. at 1 ("When a defendant violates the pleadings rules and files an evasive answer, it forces the plaintiff unnecessarily to utilize discovery devices to prove what the defendant should have admitted in its answer.").

I agree with the defendant that Rule 8(b)(4) cannot reasonably be read to require a defendant, faced with a block quotation from a document in one paragraph of a complaint, to deny only those portions that are misquoted or mischaracterized and admit the rest.  In any event, even assuming *dubitante* that the rule imposes such a requirement, I am at a loss to understand

how a failure to admit that a document is partially accurately quoted or characterized inflates the cost of discovery: ultimately, there can be no real dispute that the document says what it says. In any event, any added cost is fairly borne by a plaintiff when the plaintiff failed in the first instance to accurately quote or characterize a document.

The motion to strike paragraphs 5, 6, 50, 55, 61, 63, and 92 accordingly is denied.

### B. Category Two: Allegations About Parties, Jurisdiction, Venue

The plaintiff next seeks to strike a category of answers consisting of paragraphs 8-11 and 99. *See* Motion at 2. The Amended Answer corrects the defendant's complained-of failure to admit or deny paragraphs 10, 11, and 99, mooting the Motion as to those responses. *Compare* Original Answer ¶¶ 10-11, 99 *with* Amended Answer ¶¶ 10-11, 99; *see also* Motion at 2-3; Opposition at 5-6.

The defendant rewords paragraphs 8 and 9 of his answer but continues to maintain that no response is required. *Compare* Original Answer ¶¶ 8-9 *with* Amended Answer ¶¶ 8-9; *see also* Opposition at 5-6. The plaintiff does not respond to this point in his reply, seemingly conceding the point. *See generally* Reply. In any event, the defendant is correct that paragraph 8 of the complaint, which states that the plaintiff sues the defendant in his official capacity, and paragraph 9, which states that the plaintiff demands a jury trial, *see* Complaint and Demand for Jury Trial and Injunctive Relief Sought ("Complaint") (ECF No. 1) ¶¶ 8-9, are not "allegations asserted against" the defendant that he must admit or deny for purposes of Rule 8(b)(1)(B).

Finally, as the defendant alternatively argues, *see* Opposition at 6, the plaintiff is not prejudiced by any failure to admit or deny these statements. The plaintiff knows that he is suing the defendant in his official capacity and that he demands a jury trial. No discovery is implicated.

The motion to strike is denied on the basis of mootness as to paragraphs 10, 11, and 99, and on the basis of lack of merit as to paragraphs 8 and 9.

### C.  Category Three: Allegations as to Which the Defendant Disclaims Knowledge

The plaintiff next seeks to strike a category of answers consisting of paragraphs 12, 16, 19, 23, 24, 28, 30, 36, 37, 39, 42, 49, 51, 52, 69, 71, 72, 83, 91, 96, 97, and 98.  *See* Motion at 3.  The Amended Answer corrects the defendant's complained-of denial of the following paragraphs of the complaint based on an asserted lack of knowledge or information sufficient to form a belief as to their truth: paragraphs 12, 16, 23, 24, 28, 30, 36, 37, 39, 42, 83, 91, 96, 97, and 98.  *Compare* Original Answer ¶¶ 12, 16, 23, 24, 28, 30, 36, 37, 39, 42, 83, 91, 96-98 *with* Amended Answer ¶¶ 12, 16, 23, 24, 28, 30, 36, 37, 39, 42, 83, 91, 96-98; *see also* Motion at 3-5; Opposition at 6.  This moots the Motion as to those paragraphs.[1]

With respect to the remaining paragraphs, the plaintiff argues that the matters alleged were either within the defendant's knowledge or could have been ascertained with reasonable effort.  *See* Motion at 3-5; *see also, e.g., American Photocopy Equip. Co. v. Rovico, Inc.*, 359 F.2d 745, 746-47 (7th Cir. 1966) (party may not claim lack of sufficient knowledge or information when the matter at issue is clearly within its own knowledge); *Djourabchi v. Self*, 240 F.R.D. 5, 12 (D.D.C. 2006) (before answering complaint, a party must make a reasonable effort to determine whether information is available to it).

Nonetheless, the defendant offers reasonable explanations as to why this is not so with respect to the following:

---

[1] The defendant mistakenly states that the Amended Answer moots the plaintiff's concerns as to all of the paragraphs in this category except for paragraphs 19, 69, 71, and 72.  *See* Opposition at 6.  The defendant made no changes to paragraphs 49, 51, and 52 of his answer and, hence, did not moot the plaintiff's concerns as to those paragraphs.  *Compare* Original Answer ¶¶ 49, 51, 52 *with* Amended Answer ¶¶ 49, 51, 52.

1. <u>Paragraph 19</u> (alleging that, as of April 2008, the plaintiff had been successfully employed as a National Equal Rights Cadre for the U.S. Department of Homeland Security's Federal Emergency Management Agency ("FEMA") for more than 10 years, *see* Complaint ¶ 19): The United States Department of Justice ("DOJ") does not have the ability to confirm the fact and quality of the plaintiff's work for an agency in a different cabinet department without an unreasonable degree of effort. *See* Opposition at 6-7.

2. <u>Paragraphs 69, 71, and 72</u> (concerning the claims of Ondray Harris, then director of the DOJ's Community Relations Service ("CRS"), regarding a check that he performed of the plaintiff's references, *see* Complaint ¶¶ 69, 71, 72): Although these allegations evidently are based on statements that Harris made during a 2010 deposition, Harris is no longer an employee of CRS or any other DOJ component, and the DOJ does not have information or knowledge as to what Harris now claims, nearly two years later. *See* Opposition at 7. Had the plaintiff alleged that Harris made these claims *during his 2010 deposition*, the defendant would have admitted the allegations to the extent that they accurately reflected Harris's deposition testimony. *See id.*

In his reply brief, the plaintiff continues to take issue with paragraphs 69, 71, and 72, stating that the defendant merely speculates that Harris may have changed his testimony since 2010 and, in any event, the defendant should have at least admitted that these allegations contain true statements of Harris's claims as of his 2010 deposition, rather than completely denying them. *See* Reply at 4-5. Nonetheless, the plaintiff chose to word these allegations in the present tense. *See* Complaint ¶¶ 69, 71, 72 ("Director Harris claims that . . . ."). The defendant reasonably denied these allegations based on his lack of information or knowledge as to what Harris, who is no longer a DOJ employee, currently claims. He had no obligation to admit that Harris made those claims during his deposition in 2010, which was not what the plaintiff alleged.

7

Paragraphs 49 and 51 of the complaint concern *New York Times* articles that the plaintiff read in July 2008, and paragraph 52 concerns his asserted awareness that former President George W. Bush had expressed hostility toward the NAACP and that Harris was appointed to his position by President Bush. *See* Complaint ¶¶ 49, 51, 52. The plaintiff does not explain how the defendant could be expected to possess, even with reasonable effort, information or knowledge regarding *the plaintiff's* reading of the *New York Times*, the contents of the 2008 articles at issue, or *the plaintiff's* state of knowledge regarding President Bush or the appointment of Harris.

In any event, as the defendant alternatively argues, *see* Opposition at 7, the plaintiff fails to demonstrate any cognizable prejudice from the denial of the paragraphs at issue, which concern either (i) matters within his own knowledge or (ii) deposition testimony or newspaper articles, the contents of which are readily provable.

The motion to strike is denied on the basis of mootness as to paragraphs 12, 16, 23, 24, 28, 30, 36, 37, 39, 42, 83, 91, 96, 97, and 98, and on the basis of lack of merit as to paragraphs 19, 49, 51, 52, 69, 71, and 72.

### D.  Category Four: Allegations That Should Have Elicited Partial Admission

The plaintiff also seeks to strike a category of answers consisting of paragraphs 2, 56, and 88. *See* Motion at 5. The Amended Answer corrects the defendant's complained-of failure to admit the plaintiff's allegation in paragraph 2 that he was interviewed by the CRS Regional Director for New England and the CRS Deputy Director, mooting the Motion as to that paragraph. *Compare* Original Answer ¶ 2 *with* Amended Answer ¶ 2; *see also* Motion at 5; Opposition at 8. However, the defendant did not alter paragraphs 56 or 88. *Compare* Original Answer ¶¶ 56, 88 *with* Amended Answer ¶¶ 56, 88.

The plaintiff complains that the defendant denied those paragraphs in their entirety even though they accurately quote verbatim from the plaintiff's emails. *See* Motion at 5. However, the defendant argues, as he did with respect to paragraphs in the first category that he declined to modify, that (i) the emails are misquoted and need not be parsed to determine which portions are accurate, (ii) the court has not been provided with documentation that would permit it to assess whether the emails are accurately quoted, and, (iii) in any event, his denial of these allegations works no prejudice to the plaintiff. *See* Opposition at 8. For all of the reasons stated in my analysis of the first category of answers, I agree.

The motion to strike hence is denied as to paragraph 2 on the basis of mootness and as to paragraphs 56 and 88 on the basis of lack of merit.

### E.  Affirmative Defenses Nos. 1, 2, 10, and 12

In his Amended Answer, the defendant addresses all points made with respect to his affirmative defenses, mooting the Motion with respect to them. *Compare* Original Answer at 11 *with* Amended Answer at 10-11; *see also* Motion at 5-6; Opposition at 8-9. The motion to strike four affirmative defenses accordingly is denied on the basis of mootness.

### III. Conclusion

For the foregoing reasons, the Motion is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 30th day of November, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge