UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MOSES ALI SEBUNYA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:12-cv-00067-GZS |
| ERIC H. HOLDER, JR., ATTORNEY | ) |
| GENERAL, U.S. DEPARTMENT OF | ) |
| JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON APPEAL OF THE MAGISTRATE JUDGE DECISION**

Before the Court are: Defendant's Appeal of the Magistrate Judge Decision (ECF No. 62) and Motion For Leave To File Second Amended Answer (ECF No. 38). The Court has reviewed the entire record and held oral argument on July 16, 2013. For reasons explained herein, the Court now GRANTS IN PART Defendant's Appeal and concludes the Motion for Leave to File a Second Amended Answer is MOOT.

**I.      LEGAL STANDARD & PROCEDURAL HISTORY**

Because a motion seeking to amend a pleading is generally considered to be a non-dispositive matter, an appeal of such a decision of the magistrate judge is subject to review in accordance with 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a).[1]  See, e.g., Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993). Pursuant to this standard, the Court must

---

[1] The Court notes that because the Magistrate Judge's order did in fact dispose of an affirmative defense, the language of Rule 72 might be read to require *de novo* review. See Wright & Miller 12 Fed. Prac. & Proc. Civ. 2d § 3068.2 & n. 37 (collecting cases in which courts have "considered the impact on the merits of the case in deciding whether [the motion] should be characterized as dispositive"). Ultimately, in this case, it suffices to note that the Court would reach a similar conclusion under *de novo* review of the issues presented.

determine whether the decision is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A) & Fed. R. Civ. P. 72(a).

In this case, on May 15, 2013, the Magistrate Judge entered his Decision and Order on Motion to Amend Answer (ECF No. 58) ("the Decision"), which denied Defendant's Motion for Leave to File Second Amended Answer (ECF No. 38). Within that Decision, the Magistrate Judge accurately recounted the Factual Background, which the Court adopts without repeating in its entirety. (See 5/15/13 Decision (ECF No. 58) at 2-8.)

Defendant's Proposed Second Amended Answer sought to add the following paragraph to the "Affirmative Defenses" section of its Answer: "Even assuming any discrimination or retaliation, which Defendant denies, Defendant would have rescinded any employment offer prior to Plaintiff's employment, or at the latest prior to the completion of Plaintiff's background investigation, based on evidence of wrongdoing acquired after the offer of employment." (Proposed Second Am. Answer (ECF No. 38-3), Aff. Defense ¶ 4.) Notably, Defendant's First Amended Answer (ECF No. 16), the operative pleading which Defendant sought to amend, includes the following similar, albeit more general and less wordy, paragraph: "Even assuming any discrimination or retaliation, which Defendant denies, Defendant would have made the same employment decisions at issue absent discrimination or retaliation." (First Am. Answer, Aff. Defense ¶ 3.) Defendant had filed this First Amended Answer on October 5, 2012, after the Court granted a consent motion for leave to amend on October 3, 2012.[2]

---

[2] The Court notes that the quoted affirmative defense language also appeared in Defendant's initial Answer (ECF No. 5). (See Answer, Aff. Defense ¶ 5.)

## II. DISCUSSION

In a footnote within the Decision, the Magistrate Judge indicated that the difference between the just-quoted language of the First Amended Answer and the Proposed Second Amended Answer was significant and that he did "not find the operative answer sufficient" to state an after-acquired evidence defense. (Decision (ECF No. 58) at 9 n. 6.) In reaching this conclusion, the Magistrate Judge acknowledged that Defendant had alternatively argued that the First Amended Answer could be deemed to state an after-acquired evidence defense in accordance with the relatively recent decision of Kapche v. Holder, 677 F.3d 454 (D.C. Cir. 2012). As a result, the Magistrate Judge's Decision "assum[ed] arguendo that it is appropriate to apply the Kapche rule in this district." (Decision (ECF No. 58) at 9 n. 6.)

In Kapche, the defendant was deemed to have adequately pled an after-acquired evidence defense when the answer simply stated the plaintiff "was not appointed . . . for legitimate non-discriminatory reasons, and would not have been appointed . . . even in the absence of his [disability]." Kapche, 677 F.3d at 465. Even in the absence of explicitly including the phrase "after-acquired evidence," the Kapche court found the pleading could sufficiently state an after-acquired evidence defense where the record supports a finding that the plaintiff "had notice of the defense, conducted discovery on the issue, and had ample opportunity to respond." Id. (internal citations and quotations omitted). Given this holding, the Kapche court noted that it was assuming, without deciding, that "the after-acquired evidence defense is an affirmative defense subject to Rule 8(c)." Id.

In the Court's view, while Kapche may be factually analogous in that it presented a similar issue with respect to pleading an after-acquired evidence defense, it does not necessarily reflect the law and precedent applicable here in the First Circuit. Like the D.C. Circuit, the First

3

Circuit has not had occasion to decide whether after-acquired evidence is an affirmative defense subject to Rule 8(c). In 1995, the Supreme Court announced the holding that serves for the basis the "after-acquired evidence defense" in McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352 (1995) (holding that evidence of employee wrongdoing that becomes known to an employer after an allegedly discriminatory/retaliatory termination may be considered on the issue of damages and remedy even though the evidence is not relevant to the issue of liability). The First Circuit has addressed McKennon's holding in only a handful of opinions. Most recently, the First Circuit simply noted:

> [T]he Supreme Court has held that both front and back pay are indeed cut off at the time that the defendant discovers evidence that would have led it to fire the plaintiff on legitimate grounds. McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 361-62 (1995). That result follows from the simple guiding principle that the employee should be restored to the position he or she would have been in absent the discrimination: the employee would have been fired regardless of the discrimination as a result of the misconduct at the defendant's place of employment. See id. at 362.

Johnson v. Spencer Press of Maine, Inc., 364 F.3d 368, 383 n. 14 (1st Cir. 2004). Earlier, in Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92 (1st Cir. 1997), the First Circuit had occasion to review trial testimony that amounted to after- acquired evidence. See id. at 100-02. Discussing the limited relevance of this category of evidence, the First Circuit labeled the holding of McKennon as the "'after-acquired evidence doctrine'" and explained "such after-acquired evidence is normally admissible only as to remedy, and not on liability." Nieves-Villanueva, 133 F.3d at 101. Given the entirety of the First Circuit's dicta on McKennon and after-acquired evidence, the Court cannot say that the First Circuit would hold or assume that a defendant

4

employer must explicitly plead "after-acquired evidence" as an affirmative defense in order to pursue the remedy limitations announced in McKennon.[3]

Even assuming that after-acquired evidence must be pled as an affirmative defense under Federal Rule of Civil Procedure 8(c), the Court need not deem the after-acquired evidence defense waived under the First Amended Answer. On the issue of failing to plead affirmative defenses in accordance with Federal Rule of Civil Procedure 8(c), the First Circuit has acknowledged that the rule that affirmative defenses are waived if not pled "is not absolute" and that "implied consent" is one recognized ground for "relaxation" of the waiver rule. See, e.g., Society of Holy Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 58 (1st Cir. 2012). Additionally, the First Circuit has explained that "[w]here . . . a plaintiff clearly anticipates that an issue will be litigated, and is not unfairly prejudiced when the defendant actually raises it, a mere failure to plead the defense more particularly will not constitute a waiver." Williams v. Ashland Eng'g Co, 45 F.3d 588, 593 (1st Cir. 1995), *abrogated on other grounds by* Carpenters Local Union No. 26 v. U.S. Fid. & Guar. Co., 215 F.3d 136 (1st Cir. 2000). Ultimately, when considering whether an affirmative defense has been sufficiently pled, the Court must "'examine the totality of the circumstances and make a practical, commonsense assessment' on whether there has been surprise and unfair prejudice." Bradbury v. GMAC Mortg., LLC, 780 F. Supp. 2d 114, 116 (D. Me. 2011) (quoting Williams, 45 F.3d at 593.)

Like Williams, in this case, the issue of after-acquired evidence was raised before the close of discovery and before summary judgment proceedings. Williams, 45 F.3d at 592. In

---

[3] Nonetheless, the Court does recognize that within the District of Maine, the "after-acquired evidence defense" has been treated as an affirmative defense in multiple recent cases. See generally Stark v. Hartt Transp. Systems, Inc., Docket No. 2:12-cv-195-NT, 2013 WL 358266 (D. Me. Jan. 28, 2013); Madigan v. Webber Hospital Assoc., Docket No. 2:11-cv-94-JAW, 2012 WL 664754 (D. Me. Feb. 15, 2012) (Magistrate Judge's Memorandum Decision) & May 15, 2012 Slip. Op. (ECF No. 67) (Judge Woodcock's Denial of Objection); Palmquist v. Shinseki, 729 F. Supp. 2d 425 (D. Me. 2010).

fact, Plaintiff's counsel was explicitly notified that Defendant intended to pursue after-acquired evidence as a defense on December 17, 2012 and, at that time, did not object or indicate Plaintiff would be in any way unfairly prejudiced by Defendant's pursuit of this affirmative defense. Moreover, given the prior proceedings before the EEOC related to this case as well as the prior litigation surrounding the results of Plaintiff's 2003 INS background check, Plaintiff readily could anticipate that after-acquired evidence would be a litigated issue in this case and certainly had access to the underlying factual information. In short, there is no surprise here. To the extent that the key factual aspects of the defense relate to Plaintiff's 2001 conviction and Plaintiff's unsuccessful 2003 background check in connection with his 2002 INS job offer, Plaintiff has been in possession of the factual basis for the defense as long, if not longer, than Defendant. Moreover, in this case, Plaintiff explicitly consented to Defendant pursuing an after-acquired evidence defense from December 18, 2012 through February 14, 2013. (See 12/18/12 Email from Atty. Webbert (ECF No. 38-1 at Page ID# 182) & 2/14/13 Email from Atty. Webbert (ECF No. 38-2) at Page ID# 184).)

Given this procedural backdrop and the language in the operative pleading, the Court finds that Defendant's First Amended Answer sufficiently preserved Defendant's ability to press an after-acquired evidence defense. In the Court's view, prohibiting Defendant from pursuing an after-acquired evidence defense on the record presented would elevate procedural deadlines, discovery gamesmanship and both counsel's unfortunate failure to effectively communicate over the Court's duty to ensure claims and defenses are heard, to the extent practicable, on the merits. In the context of this Title VII case, assuming Plaintiff can establish liability, McKennon instructs that the remedy should "restore the employee to the position he . . . would have been in absent the discrimination." McKennon, 513 U.S. at 362; see also Johnson, 364 F.3d at 383 n. 14.

6

In the Court's final assessment, any equitable restoration in this case must allow for the consideration of Defendant's arguments that Plaintiff ultimately would not have passed the requisite background check as well as Plaintiff's arguments that he would have passed the background check, provisional or otherwise.

To that end, the Court believes any unfair prejudice to Plaintiff as a result of his inability to ask questions regarding the after-acquired evidence at the Rule 30(b)(6) deposition held on February 8, 2013 is most readily and justly resolved by allowing a reopening of the Rule 30(b)(6) deposition, which Plaintiff is free to request. To the extent that Plaintiff has additionally argued that he was prejudiced by Defendant's delayed supplemental disclosures on this topic, any issues related to Defendant's compliance with Federal Rule of Civil Procedure 26(e) are properly resolved by way of a motion under Federal Rule of Civil Procedure 37(c), a motion that is not presently before the Court.

## III.   CONCLUSION

Therefore, the Court concludes Defendant is entitled to pursue an after-acquired evidence defense on the record presented without necessarily filing any further amended answer. Given this conclusion, the Motion to Amend is MOOT. To the extent that the Magistrate Judge concluded that an amendment would be necessary, the Court finds the Decision of the Magistrate Judge was contrary to law.[4] Thus, Defendant's Appeal is hereby GRANTED IN PART.

---

[4] In light of this conclusion, the Court need not reach whether the entirety of the Magistrate Judges decision is clearly erroneous or contrary to law. However, the Court notes that it is troubled by the decision of Plaintiff's counsel to withdraw his consent to an amendment on February 14, 2013. Had the Court needed to reach the issue, it would be inclined to consider whether Plaintiff's counsel should have been equitably estopped from opposing the motion to amend. (See Def. Objection (ECF No. 62) at 9-10.)

No later than August 9, 2013, Plaintiff is free to file a motion seeking to reopen the 30(b)(6) deposition or any other aspect of discovery he believes is necessary on the affirmative defense of after-acquired evidence. To the extent Plaintiff files any such Motion, Defendant shall file any response to Plaintiff's Motion within seven days. The Motion and any response thereto shall additionally state each party's position with respect to whether the Court should reschedule the Rule 56(h) conference or stay further proceedings pursuant to Local Rule 56(h) pending the outcome of the request to reopen discovery.

If no such motion to reopen discovery is filed, each side shall notify the Court of whether they are requesting a rescheduled Rule 56(h) conference by August 16, 2013. Should either side request a rescheduled Rule 56(h) conference, the parties shall file any amendments to their Rule 56(h) pre-conference memoranda within seven days of being so notified.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 30th day of July, 2013.