## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

MOSES ALI SEBUNYA,                 )
                                         )
           Plaintiff,           )
                                         )
v.                                  )   Docket no. 2:12-cv-00067-GZS
ERIC H. HOLDER, JR., ATTORNEY    )
GENERAL, U.S. DEPARTMENT OF     )
JUSTICE,                            )
                                         )
           Defendant.       )
                                         )

## ORDER ON MOTION TO REOPEN DISCOVERY

Before the Court is Plaintiff's Motion to Reopen Discovery or for Other Relief Under Rule 37 (ECF No. 69).  The Court held a conference of counsel on the Motion on September 26, 2013.  Having fully considered the parties' written and oral submissions, the Court now GRANTS IN PART and DENIES IN PART the Motion as explained herein.

To the extent that Plaintiff requested that this Court preclude Defendant from presenting certain evidence, the Court will not preclude Defendant from presenting any evidence that was produced prior to the close of discovery on February 8, 2013, nor will the Court preclude Defendant from presenting any further evidence that is produced pursuant to the discovery process outlined in this Order.

To the extent Plaintiff's Motion alternatively requests a re-opening of discovery, the Court will allow a limited reopening of discovery regarding the after-acquired evidence defense. The limited discovery shall be as follows:

1

(1)     30(b)(6) Deposition:   Plaintiff shall be entitled to re-notice a Rule 30(b)(6) deposition solely on the issues related to after-acquired evidence defense.  Plaintiff is allowed 3 hours in which to complete this limited 30(b)(6) deposition.

Plaintiff is free to request that Defendant produce documents related to the after-acquired evidence defense in connection with this 30(b)(6) deposition.  In the absence of the parties reaching an agreement on producing any relevant documents in advance of the deposition, Plaintiff shall have at least 4 hours to review any and all documents being produced in connection with the 30(b)(6) deposition prior to the commencement of the deposition.

(2)     Deposition of Ondray Harris:   Plaintiff shall be entitled to depose Ondray Harris regarding his role in the hiring decisions at issue in this case as well as the role that background checks played in his hiring decisions at CRS.  This deposition shall not exceed 4 hours.  As both sides acknowledge, Mr. Harris is no longer employed or under the control of Defendant.  Thus, Plaintiff may need to obtain a subpoena to conduct this deposition.

Pursuant to Rule 37(c)(1)(A), Defendant shall pay reasonable expenses, including attorney's fees, associated with taking these two depositions outlined above.  In the Court's assessment, Defendant's supplemental disclosures regarding after-acquired evidence in January and February could have been made on or before December 17, 2012, the date on which Defendant explicitly notified Plaintiff that it intended to pursue an after-acquired evidence defense.  Because Defendant's belated disclosures cannot be substantially justified or deemed harmless, the Court concludes this payment of reasonable expenses is an appropriate sanction.

The Court does not believe that any other additional sanction is necessary on the record presented.

In addition to the two depositions outline above, Plaintiff may, if he chooses, also conduct individual depositions of Dorianna Rice and/or Durshawn Seward with respect to the discoverable information listed in the Defendant's January 10, 2013 Supplemental Disclosures. Each individual deposition shall not exceed 4 hours.  Plaintiff shall bear his own costs associated with these depositions.[1]

Any and all of this additional discovery shall be completed **no later than December 27, 2013**, and no extensions shall be granted in the absence of extraordinary circumstances that could not have been reasonably anticipated by the parties.[2]

To the extent that Plaintiff's Motion sought leave to conduct any other depositions, those requests are DENIED.  To the extent that Plaintiff's Motion sought leave to re-open discovery for the purpose of retaining a new expert on issues related to the after-acquired evidence defense, that request is DENIED.

Upon completion of discovery and **no later than December 30, 2013**, each side shall notify the Court of whether they are requesting a rescheduled Rule 56(h) conference.  If a rescheduled Rule 56(h) conference is requested, the parties shall file any supplement or amendment to their Rule 56(h) pre-conference memoranda within seven days of the notice requesting the conference.

---

[1] The Court will not award Plaintiff reasonable expenses in connection with these two depositions in the absence of any suggestion in the record that Plaintiff made an attempt to notice individual depositions of these two witnesses between January 10, 2013 and the close of discovery on February 8, 2013.

[2] By way of example, counsel should anticipate that during the final week of this discovery period, it may snow or witnesses may not be available because of holiday obligations.

The Court expects counsel to confer in good faith in order to complete the additional discovery hereby ordered in an expeditious manner.  Going forward, both counsel are hereby admonished to elevate their respective client's interests in a just determination of this case over their own past disputes and past failures to engage in effective communication.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 26th day of September, 2013.